# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOENATHAN RIVERA,<br><br>                           Plaintiff,<br><br>v.<br><br>CORTICARE INC.; and DOES 1 to 100, inclusive,<br><br>                         Defendants. | Case No.: 3:25-cv-01868-RBM-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Doc. 5]** |

     Pending before the Court is Defendant CortiCare, Inc.'s ("Defendant" or the "Company") Motion to Dismiss Plaintiff Joenathan Rivera's ("Plaintiff") First Amended Complaint ("Motion to Dismiss"). (Doc. 5.) Along with the Motion to Dismiss, Defendant filed the Declaration of Krista Dickerson in support of the Motion to Dismiss (Doc. 5-1 ["Dickerson Decl."]), Exhibits A–E (Doc. 5-2), and a Request for Judicial Notice ("RJN") (Doc. 5-3).

     The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Motion to Dismiss (Doc. 5) is **GRANTED**.

//
//

## I. BACKGROUND[1]

Plaintiff initiated this action against Defendant, his former employer, in the Superior Court of California, County of San Diego ("San Diego Superior Court") asserting various claims related to employment discrimination, retaliation, and termination. (*See generally* Doc. 1-8, First Amended Complaint ["FAC"].)

**A.   Factual Background**

Plaintiff, a resident of San Diego, California, "is of Filipino national origin" with an undisclosed "disability/medical condition." (*Id.* ¶¶ 1, 8, 11(a).)[2] Plaintiff claims he suffers from carpal tunnel and a preexisting back injury. (*Id.* ¶ 12(a).) Defendant is Plaintiff's former employer with its place of business in San Diego, California. (*Id.* ¶ 2.)

**1.   Discrimination and Retaliation Allegations**

From March 2017 until November 2023, Plaintiff was employed at the Company as a Network Administrator. (*Id.* ¶¶ 8, 12(q).) During his employment, Plaintiff was allegedly subject to harassment, discrimination, and retaliation. (*Id.* ¶¶ 12(b), (i)–(q).) According to Plaintiff, he suffered adverse employment consequences based on his race and disability, for which Defendant allegedly failed to provide adequate accommodations. (*Id.* ¶¶ 11(a)–(d) (cleaned up).)

In 2018, Plaintiff submitted a request for an ergonomic table after he suffered a back injury but was told that Defendant did not have a budget for it. (*Id.* ¶¶ 12(a)–(b).) However, "[t]wo other white employees had ergonomic tables that the [C]ompany provided." (*Id.*)

"In early 2020, at the onset of the COVID-19 pandemic," Defendant allowed

---

[1] The factual summary in this section reflects Plaintiffs' allegations, not conclusions of fact or law by this Court. Well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court cites the paragraph numbers of the FAC and the CM/ECF electronic pagination for other citations unless otherwise noted.

1  Plaintiff to work remotely. (*Id.* ¶ 12(d).) Defendant asked Plaintiff to return to the office
2  in May 2020, October 2020, and in early 2021. (*See id.* ¶¶ 12(f)–(h).) Defendant allowed
3  Plaintiff to continue working remotely, per his request, when he expressed concerns about
4  Defendant's non-compliance with COVID-19 ordinances. (*Id.* ¶¶ 12(f)–(i).)

5        Shortly after Defendant allowed Plaintiff to continue working remotely in early
6  2021, Plaintiff alleges that Defendant began eliminating his job responsibilities and
7  removed his ability to earn commission as well as his department's paid holidays. (*Id.*
8  ¶ 12(i).) Around this time, Defendant's CEO, Brad Wescott, allegedly had a conversation
9  with a newly hired IT administrator about Plaintiff's job responsibilities and said "he
10 wanted to 'break up the Rivera cartel.'" (*Id.* ¶ 12(j).) Wescott was referring to Plaintiff
11 and his brother, Nathaniel Rivera, who was also an employee at the Company. (*Id.*)

12       Plaintiff also asserts that he suffered harassment and retaliation based on his
13 protected complaints about several incidents of harassment by his supervisor at that time.
14 (*Id.* ¶¶ 11(c), 12(k)–(l).) Among other allegations of misconduct, Plaintiff claims that
15 Defendant failed to respond to reports of harassment and discrimination when it did not
16 address his request to be reassigned to a different supervisor. (*Id.* ¶¶ 12(k)–(m).) In early
17 2022, Plaintiff began reporting to a new supervisor, Kip Weatherwax, who made several
18 harassing, embarrassing, and demeaning comments to him. (*Id.* ¶ 12(k).) In February
19 2023, Plaintiff reported several incidents where his supervisor made harassing comments
20 towards him including an incident where "Weatherwax threatened his job." (*Id.* ¶¶ 12(l)–
21 (m).) Plaintiff also requested that he be reassigned to another supervisor but the
22 Company's HR Director, Krista Dickerson, did not address his request. (*Id.* ¶ 12(m).)

23       On November 29, 2023, Defendant terminated Plaintiff's employment. (*Id.* ¶ 12(q).)
24 "That same day, the company terminated two other Filipino employees." (*Id.*) Shortly
25 thereafter, Defendant terminated about 22 employees in the Philippines and no Filipino
26 employees remained employed at the Company. (*Id.* ¶ 12(r).)

27     **2.**   **The Severance Agreement**
28       On December 24, 2023, Plaintiff executed a Separation and Release Agreement

("Severance Agreement") with Defendant. (*Id*. ¶ 79; Doc. 5-2, Ex. E at 33–41.)[3] The Severance Agreement contains a comprehensive release provision ("Release") through which Plaintiff released Defendant "to the fullest extent permitted by law," from all claims of any kind occurring on or before the date of the Severance Agreement's execution. (Doc. 5-2, Ex. E at 36.) Plaintiff also specifically released Defendant from any claims arising out of or related to Plaintiff's employment, his termination, and any violations of employment discrimination laws including:

> [T]he California Fair Employment and Housing Act; the Age Discrimination In Employment Act; Title VII of the Civil Rights Act of 1964; the Americans With Disabilities Act; the National Labor Relations Act; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; as well as Claims arising out of or related to violations of the provisions of the California Labor Code; the California Government Code; the California Business & Professions Code, including Business & Professions Code Section 17200 *et seq*.; local, state and federal wage and hour laws, including the federal Fair Labor Standards Act; breach of contract; fraud; misrepresentation; common counts; unfair competition; unfair business practices; negligence; defamation; infliction of emotional distress; invasion of privacy; assault; battery; false imprisonment; wrongful termination; and any other local, state or federal law, rule, or regulation.

(*Id*. at 37.)

Additionally, Plaintiff agreed to waive his rights under California Civil Code § 1542. (*Id*.) The Severance Agreement further provides that Plaintiff has five days to "consider the terms of [the Severance Agreement] and to consult with an attorney." (*Id*. at 41.).

Plaintiff now seeks to rescind the Severance Agreement because Defendant exercised "duress, menace, fraud, and undue influence." (FAC ¶ 80.) Specifically, Plaintiff claims: (1) he was not informed that he had the right to consult an attorney in connection with the Severance Agreement and was not provided with adequate time to do so; (2) the Severance Agreement does not contain an explicit exception for claims not

---

[3] As discussed *infra*, the Court considers the Severance Agreement submitted by Defendant under the incorporation by reference doctrine.

subject to waiver; (3) the Severance Agreement lacks required disclosures for a reduction in force or references to an employee's legal rights; and (4) Defendant "failed to provide consideration as outlined in the" Severance Agreement. (*Id.* ¶¶ 79(a)–(d).)

**B.     Procedural History**

On May 28, 2025, Plaintiff filed the FAC in San Diego Superior Court asserting nine causes of action. (*See* FAC.) Six of these causes of action are for violations of the Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq*. ("FEHA"). (*See id*. ¶¶ 18–63.) Plaintiff also asserts causes of action for whistleblower retaliation in violation of California Labor Code § 1102.5, wrongful termination, and rescission. (*Id.* ¶¶ 64–80.)

On July 23, 2025, Defendant removed the instant action to this Court based on diversity jurisdiction. (Doc. 1 ¶ 14.) Defendant filed the Motion to Dismiss on July 30, 2025. (Doc. 5.) On August 18, 2025, Plaintiff inadvertently filed his Opposition to the Motion to Dismiss ("Opposition") in a related action brought by his brother, Nathaniel Rivera, that is also pending before this Court. *See Nathaniel Rivera v. CortiCare*, Case No. 3:25-cv-01875-RBM-DEB (S.D. Cal. Aug. 18, 2025), ECF No. 7. On August 29, 2025, Defendant filed its Reply ("Reply"). (Doc. 6.)

On December 23, 2025, Plaintiff filed a Motion for Relief under Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B) ("Rule 6 Motion") requesting leave to file his Opposition out of time. (Doc. 7.) Because the Opposition is captioned for this action and addresses Plaintiff's claims separate from that of his brother's, the Court will consider the Opposition in resolving the instant Motion to Dismiss in the interest of justice. Plaintiff's Rule 6 Motion (Doc. 7) is therefore **DENIED AS MOOT**.

## II.     LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). An action may be dismissed for

failure to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully. *Id*.

### III. REQUEST FOR JUDICIAL NOTICE

"Pursuant to Federal Rule of Evidence 201(b), and the incorporation-by-reference doctrine," Defendant requests that the Court judicially notice the Severance Agreement (Doc. 5-2, Ex. E at 33–41), which Plaintiff executed on December 4, 2023. (RJN [Doc. 5-3] at 2.)[4] Plaintiff does not oppose Defendant's RJN or otherwise contest the Severance Agreement's authenticity.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under the incorporation by reference doctrine, courts may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "[T]he

---

[4] Defendant attached four additional exhibits, Exhibits A–D (Doc. 5-2 at 1–32), to the Dickerson Declaration. (*See* Doc. 5-1 ¶¶ 3–5.) However, Defendant did not request that the Court take judicial notice of such documents. The Court therefore does not consider Exhibits A–D in reaching its decision.

district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"A well-established application of [the incorporation by reference] doctrine is a settlement agreement that, if valid, would bar claims alleged by the plaintiff in his or her complaint." *Advanced Cleanup Techs., Inc. v. BP Am. Inc.*, Case No. 2:14-cv-09033-CAS(AJWx), 2015 WL 13841820, at *2 n. 2 (C.D. Cal. Oct. 9, 2015) (citing cases); *see Bamforth v. Facebook, Inc.*, Case No. 20-cv-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021) ("Courts have held that release agreements that may bar a plaintiff's claims can be considered under the incorporation by reference doctrine.").

Although Plaintiff did not attach the Severance Agreement, his Ninth Cause of Action seeks its rescission. (*See* FAC ¶¶ 78–80.) Plaintiff disputes the Severance Agreement's validity but admits that he signed it. (FAC ¶ 79.) *See Advanced Cleanup Techs., Inc.* 2015 WL 13841820, at *2 n. 2 ("[W]here a plaintiff admits that it signed a release of claims, courts have incorporated the release agreement even where the plaintiff disputes whether the agreement is enforceable.") (citing *Birdsong v. AT & T Corp.*, No. C12–6175 TEH, 2013 WL 1120783, at *2–3 (N.D. Cal. Mar. 18, 2013)). The Release (*see* Doc. 5-2, Ex. E at 36–37) is "clearly an integral part of Plaintiff's allegations because he has no valid claim if the Release is found to be valid." *See Young v. AmeriGas Propane, Inc.*, No. 14–cv–00583–BAS(RBB), 2014 WL 5092878, at *3 (S.D. Cal. Oct. 9, 2014).

Accordingly, the Court considers the Severance Agreement (Doc. 5-2, Ex. E at 33–41) under the incorporation by reference doctrine. Defendant's RJN (Doc. 5-3) is therefore **<u>DENIED AS MOOT</u>**. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

### IV.   DISCUSSION

Defendant argues that Plaintiff's rescission claim fails as a matter of law because it is not a remedy and "is otherwise insufficiently pled as a remedy." (Doc. 5 at 9.) Defendant further argues that the Severance Agreement bars Plaintiff's remaining causes of action because they "all arise from his employment with and termination of that employment from

Defendant, and are within the scope of the Agreement he executed." (*Id*. at 14.) Plaintiff opposes, arguing "[t]he FAC provides a factual basis to support a finding that Plaintiff's consent was obtained through 'duress, menace, fraud, and undue influence.'" (Doc. 7 at 3 (citing Cal. Civ. Code § 1689(b)(1); and FAC ¶¶ 79–80).)

For the reasons discussed below, Plaintiff fails to state a plausible basis for rescission of the Severance Agreement. The Court also finds the Severance Agreement bars Plaintiff's remaining claims.

### A. Rescission—Ninth Cause of Action

Plaintiff seeks to rescind the Severance Agreement on the grounds of duress, menace, fraud, undue influence, and failure of consideration. (FAC ¶¶ 79–80.) Specifically, Plaintiff claims: (1) he was not informed of his right to consult an attorney and was not provided adequate time to do so; (2) the Severance Agreement does not contain an explicit exception for claims not legally subject to waiver; (3) the Agreement lacks required disclosures for reduction in force and employees' rights; and (4) Defendant "failed to provide consideration as outlined in the" Agreement. (*Id*. ¶¶ 79(a)–(d).)

Section 1689 of the California Civil Code states the grounds upon which a party may rescind a contract. As relevant here, a party may seek to rescind the contract based on: (1) improper consent "obtained through duress, menace, fraud, or undue influence," or (2) failure of consideration "through the fault of the party as to whom he rescinds" or "in a material respect for any cause." Cal. Civ. Code § 1689(b)(1)–(4).

First, this claim fails as a matter of law because "[r]escission is not a cause of action, but a common-law remedy on the contract." *Direct Techs., LLC v. Elec. Arts, Inc.*, 525 F. App'x 560, 562 (9th Cir. 2013) (citation omitted); *see Nakash v. Super. Ct.*, 196 Cal. App. 3d 59, 70 (1987) ("Rescission is not a cause of action; it is a remedy."). The Ninth Cause of Action is therefore **DISMISSED** on this basis.

Next, Defendant argues that Plaintiff's conclusory allegations fail to establish a basis for rescission as a remedy. (Doc. 5 at 12–13.) In the FAC, Plaintiff references the language of § 1689(b)(1) for rescission based on improper consent, (*see* FAC ¶ 80), but does not

clearly link his allegations to any of his asserted grounds for duress, menace, fraud, or undue influence. Nor does Plaintiff allege facts amounting to any of these asserted grounds. "[A]lthough Plaintiff alleges that he suffered ongoing harassment, retaliation, and discrimination in the workplace (conduct which may indeed constitute wrongful acts), Plaintiff fails to identify any *coercive* act on the part of Defendant[ ] that would have *caused or induced* him to sign the [Severance] Agreement." *See Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2015 WL 7770216, at *4 (N.D. Cal. Dec. 3, 2015) (emphasis in original). In fact, Plaintiff does not assert *any* facts about the circumstances surrounding his execution of the Severance Agreement.

Defendant also argues that Plaintiff's allegations concerning the lack of disclosures do not form a basis for rescission because they are contradicted by the Severance Agreement itself. (Doc. 5 at 12 n.1; Doc. 6 at 9–10.) "[A]llegations of misrepresentations directly contrary to the specific and unambiguous terms of a written . . . agreement do not, as a matter of law, state a claim for fraud." *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 288 (9th Cir. 1988), *overruled on other grounds Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 941 (9th Cir. 2001) (interpreting arbitration clause and finding the petitioner's reliance on the "alleged misrepresentations was unreasonable in light of the clear and explicit language of the contract."). The Severance Agreement provides that Plaintiff may "consult with an attorney" regarding its terms. (Doc. 5-2, Ex. E at 41.) And Plaintiff does not "allege that 'anything prevented him from reviewing the agreement . . . or consulting with an attorney.'" *Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2016 WL 4076116, at *7 (N.D. Cal. Aug. 1, 2016) (quoting *Robison v. City of Manteca*, 78 Cal. App. 4th 452, 458 (2000)); *see also Cohen*, 841 F.2d at 287 (noting there is "no unfairness in expecting parties to read contracts before they sign them"). The Release also contains several statements qualifying that Plaintiff releases his claims "to the fullest extent permitted by law." (*See* Doc. 5-2, Ex. E at 36–37.) Plaintiff's allegations on improper consent are therefore an insufficient basis for rescission.

Plaintiff also seeks rescission under § 1689(b)(2) and alleges that Defendant "failed

to provide consideration as outlined in" the Severance Agreement. (FAC ¶ 79(d).) But Plaintiff does not identify the consideration that allegedly failed, let alone plausibly allege that such failure was material or that Defendant was at fault. *See Tain v. Hennessey*, No. 03-CV-1481-IEG (NLS), 2009 WL 4544130, at *4 (S.D. Cal. Dec. 1, 2009) ("[A] failure of consideration must be 'material,' or go to the 'essence' of the contract before rescission is appropriate.") (quoting *Wyler v. Feuer*, 85 Cal. App. 3d 392, 403–04 (1978)).

Because rescission is not a cause of action and Plaintiff has not alleged facts supporting an entitlement to such a remedy, the Ninth Cause of Action is **DISMISSED**. Plaintiff, however, is not barred from pursuing rescission as a remedy in connection with an appropriately pleaded claim for relief. *See Moreno v. Citibank, N.A.*, No. C 09–5339 CW, 2010 WL 1038222, at *4 (N.D. Cal. Mar. 19, 2010) ("If Plaintiff intends to seek rescission of the [contract], he must state a claim for which rescission could be granted and plead for such relief as a remedy for that claim.").

**B.    Remaining Causes of Action are Barred by a Release**

Defendant argues that Plaintiff's remaining claims are barred by the Severance Agreement because they "all arise from his employment with and termination of that employment from Defendant." (Doc. 5 at 14.) Plaintiff does not respond substantively to this argument but instead relies solely on his argument that the Severance Agreement was invalid and subject to rescission. (Doc. 7 at 7.)

"However, 'a settlement agreement is presumptively valid, and the plaintiff remains bound by the bargain he made until he actually rescinds it.'" *Ruonavaara v. Harris Corp.*, No. CV 2:17-2463 WBS CKD, 2018 WL 746498, at *1 (E.D. Cal. Feb. 6, 2018) (quoting *Myerchin v. Family Benefits, Inc.*, 162 Cal. App. 4th 1526, 1535 (2008), *disapproved of on other grounds by Vill Northridge Homeowners Ass'n v. State Farm Fire and Cas. Co.*, 50 Cal. 4th 913 (2010)). As previously discussed (*see* Sec.III.B), Plaintiff fails to assert a claim on which rescission may be based. And "the mere filing of a claim for rescission does not enable plaintiff to seek the relief explicitly barred under the contract for which rescission is sought." *Ruonavaara*, 2018 WL 746498, at *1. As such, all claims covered

under the Release are barred.

The Severance Agreement contains a comprehensive release as well as specific reference to the release of claims for violations of California's FEHA, the California Labor Code, and wrongful termination, among others. (RJN [Doc. 5-2], Ex. E at 36–37.) Under the Release, Plaintiff released "any and all rights, claims, demands, liabilities, actions and causes of action . . . of whatever nature whatsoever, known or unknown, . . . that [he] now [has], or may ever have, against [Defendant] for any acts or omissions. . . occurring on or prior to the Effective Date of [the] Agreement." (*Id*. at 36.) He also expressly "underst[ood] and agree[d], except as otherwise prohibited by law," to release any claims "aris[ing] out of or . . . relat[ing] to: (1) [Plaintiff's] employment by [Defendant] . . . ; and (2) the termination of [Plaintiff's] employment with" Defendant. (*Id*.) By its terms, the release therefore precludes Plaintiff's remaining causes of action. *See Bamforth*, 2021 WL 4133753, at *11-12 (finding the plain terms of the release barred plaintiff's claims); *Birdsong*, 2013 WL 1120783, at *6 (finding the release barred all state law claims).

Accordingly, Plaintiff's First through Eighth Causes of Action are **DISMISSED**.

## C. Leave to Amend

If a complaint is dismissed for failure to state a claim, the Court may grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (cleaned up).

Here, Plaintiff does not sufficiently allege a basis for rescission of the Severance Agreement and therefore fails to state a claim as to all causes of action barred by the Severance Agreement. Because rescission is not a standalone claim, amendment of Plaintiff's Ninth Cause of Action would be futile. *See Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'") (quoting *Armstrong*

*v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)).  The Ninth Cause of Action is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

Plaintiff may, however, seek rescission as a remedy in an amended pleading.  The Court therefore **GRANTS** Plaintiff leave to pursue rescission as a remedy and state a cognizable underlying claim for which it can be granted.  *See Melcher v. Fried*, No. 16-CV-02440-BAS(BGS), 2018 WL 2411747, at *6 (S.D. Cal. May 29, 2018); *Hanna v. Sierra Network, Inc.*, No. CV 19-211 DSF (FFMx), 2019 WL 12361302, at *4 (C.D. Cal. Apr. 1, 2019).  Because amendment of the remaining claims is not futile at this stage, the Court also **GRANTS** Plaintiff leave to amend the First through Eighth Causes of Action.

## V.   CONCLUSION

Based on the foregoing reasons, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**.
   a. The First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are **DISMISSED WITH LEAVE TO AMEND**.
   b. The Ninth Cause of Action is **DISMISSED WITHOUT LEAVE TO AMEND**.  However, Plaintiff is **GRANTED LEAVE TO AMEND** to pursue rescission as a remedy provided he can state a cognizable underlying claim.  *See Vizio, Inc. v. LeEco V. LTD.*, Case No. SA CV 17-1175-DOC (JPRx), 2018 WL 5303078, at *15 (C.D. Cal. July 27, 2018).
2. Defendant's RJN (Doc. 5-3) is **DENIED AS MOOT**.
3. Plaintiff's Rule 6 Motion (Doc. 7) is **DENIED AS MOOT**.

Plaintiff may file a second amended complaint on or before January 30, 2026.

**IT IS SO ORDERED**.

DATE: January 5, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE